UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: PORT LOUIS OWNERS
ASSOCIATION, INC.

CIVIL ACTION

NO. 25-2520

SECTION "N"

## ORDER & REASONS

Before the Court is Debtor and Appellee Port Louis Owners Association, Inc.'s Motion to Dismiss Appeal or Alternatively, to Strike Improper Record Designations for Appeal, and for Appropriate Sanctions.[1] Creditors and Appellants Charles E. McKnight, Charles M. McKnight, and Wendy McKnight Alessi ("Creditors") oppose the motion.[2] After careful consideration of the parties' submissions, the record, and applicable law, the Court issues this Order & Reasons.

## I.    Factual Background

On December 3, 2025, the U.S. Bankruptcy Court for the Eastern District of Louisiana held an evidentiary hearing on Creditors' Claim 8. Creditors did not attend. The parties disagree as to whether Creditors received proper notice of the hearing. The bankruptcy court, after presiding over the introduction of witness testimony and exhibits,

---

[1] R. Doc. 2.
[2] R. Doc. 6.

ruled in Debtor's favor, dismissing and striking Creditors' claim in an order entered on the same day.[3]

On December 16, 2025, Creditors timely appealed and filed a motion for relief from the order.[4] Creditors seek relief on a number of grounds, including that service and notice regarding the hearing were constitutionally inadequate, they were prejudiced by misleading correspondence and late discovery, the bankruptcy court ruled in part based on materially false statements, and manifest injustice. On December 29, 2025, Creditors filed with the bankruptcy court a designation of items to be included in the record on appeal and a statement of the issues to be presented. *See* Fed. R. Bankr. P. 8009(a)(1).[5] On January 22, 2026, Creditors filed a corrected statement of issues and record designation, this time identifying docket numbers with each item listed.[6] Upon motion, the bankruptcy court extended Debtor's time to file its record designations until March 20, 2026.[7]

On February 2, 2026, Debtor filed the present motion asking this Court to dismiss the appeal or strike improper record designations by the *pro se* Creditors, and to levy sanctions against Creditors.[8] Debtor argues that Creditors improperly designated multiple documents that were not introduced as evidence during the December 3, 2025,

---

[3] *In re Port Louis Owners Assoc., Inc.*, No. 24-12511, Dkt. 223 (Bankr. E.D. La. Dec. 3, 2025).
[4] R. Doc. 1.
[5] *In re Port Louis Owners Assoc., Inc.*, No. 24-12511, Dkt. 242.
[6] *Id.*, Dkt. 252.
[7] *Id.*, Dkt. 260.
[8] R. Doc. 2.

evidentiary hearing and "many of which have never been previously filed into the record."[9]

On February 23, 2026, the bankruptcy court transmitted to this Court what it described as an incomplete record on appeal.[10] The bankruptcy court observed that some pleading numbers for designated documents "do not match the description in the designation" and that no party has ordered the hearing transcript.[11]

## II. Law & Analysis

Rule 8009 of the Federal Rules of Bankruptcy Procedure provides the procedure by which the parties are to assemble the record on appeal from a bankruptcy court decision. The record on appeal consists of items designated by the parties that were part of the bankruptcy court's record in the first instance. The rule specifies certain items that the record on appeal "must include."[12] One such item is the catchall "items designated by the parties."[13] Nevertheless, the rule "does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court."[14] Rule 8009(e)(1) provides that "[i]f an item has been improperly designated as part of the record on appeal, a party may move to strike that item."

---

[9] R. Doc. 2-1 at 2.

[10] R. Doc. 7.

[11] R. Doc. 7-5.

[12] Fed. R. Bankr. P. 8009(a)(4).

[13] *Id.*

[14] *Wooley v. Haynes & Boone, LLP*, 480 Fed. App'x 327, 328 (5th Cir. 2012) (addressing former Rule 8006, as Rule 8009 "is derived from former Rule 8006," following amendments to the rules in 2014. *See* Fed. R. Bankr. P. 8009 advisory committee's note (2014)).

Debtor has so moved here, contending that certain docket entries designated by Creditors should be stricken from the record on appeal because they "hav[e] nothing to do with the testimony and exhibits introduced into evidence for the Bankruptcy Court's consideration on December 3, 2025."[15] Debtor gives examples such as docket entries that contain certain discovery requests and responses, evidence of work performed on Creditors' property, and the docket sheet itself. However, the cases cited by Debtor[16] confirm that the rule governing formation of the record on appeal "should be construed liberally" so that the record will "contain the documentation necessary to afford the reviewing court a complete understanding of the case."[17] The cited cases generally involve materials that were "never filed or otherwise presented to" the bankruptcy court as part of the underlying proceedings.[18] More fundamentally, the cases specify that any disputes regarding the content of the record on appeal are to be "resolved by the bankruptcy court, where the record was designated, and where the matter sought to be included in the record was (or should have been) presented."[19] Here, the record designations at issue have docket numbers indicating that they were filed in the

---

[15] R. Doc. 2-1 at 4-5.

[16] R. Doc. 2-1 at 5.

[17] *In re Candor Diamond Corp.*, 26 B.R. 844, 846 (Bankr. S.D.N.Y. 1983).

[18] *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 520 (Bankr. S.D.N.Y. 2005); *see also In re Food Fair, Inc.*, 15 B.R. 569, 572 (Bankr. S.D.N.Y. 1981) (involving "materials from other adversary proceedings arising from the same bankruptcy case").

[19] *In re Ames Dep't Stores, Inc.*, 320 B.R. at 520-21; *see also In re W.T. Grant Co.*, 432 F. Supp. 105, 107 (S.D.N.Y.) ("it would be pointless to submit this dispute over the record on appeal to the bankruptcy court since all parties are in agreement that the three letters objected to … came before the bankruptcy court and were relied upon in rendering its decision").

bankruptcy court. Creditors' appeal raises issues regarding the adequacy of the notice they received, their inability to present evidence at the hearing, and the prejudice they experienced, suggesting that a record restricted to the evidence presented at the hearing would be too limited to provide the necessary context for their appeal. To the extent Debtor nevertheless contends the challenged materials are improperly included, the bankruptcy court is the proper forum for resolving disputes over the contents of the record on appeal.

Rule 8009 also provides that the appellant has a duty to order a transcript of proceedings necessary for the appeal within 14 days after the judgment or order they are appealing, or to file a certificate stating that the appellant is not ordering a transcript.[20] This requirement is consistent with Rule 8009(a)(4), which requires that the record on appeal "must include" "any opinion, findings of fact and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings" and "any transcript ordered under (b)." The bankruptcy court's findings of fact and conclusions of law for its ruling of December 3, 2025, were read in open court such that a transcript of the hearing would be necessary for an appeal challenging the court's decision. Indeed, the purpose of the requirement is to "provide the reviewing court with an adequate basis for evaluating the appellant's claims on appeal."[21] "The burden of creating an adequate record rests with

---

[20] Fed. R. Bankr. P. 8009(b).
[21] *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000)).

the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts."[22]

The docket reflects that Creditors have not complied with their duty to order the hearing transcript. Without the transcript, or at least the relevant portions thereof, Creditors will have no basis to argue on appeal that the bankruptcy court relied on improper materials or made unsupported findings of fact or conclusions of law.

Finally, Debtor's request for sanctions is premised on the alleged inability of Creditors to pursue their appeal because the appeal record must be limited to the evidence introduced at the December 3, 2025, hearing, and since Creditors did not appear at the hearing, they will have no evidence with which to argue the bankruptcy court erred. As discussed above, however, Debtor failed to establish that the record on appeal is limited to the evidence presented at the hearing, and, in any event, its motion to strike any other material has not been filed with the appropriate court. More fundamentally, "the district court does not invariably dismiss for breaches of … procedural rules."[23] Accordingly, the Court declines to award sanctions.

### III.  Conclusion

Accordingly,

**IT IS ORDERED** that Debtors' motion is **GRANTED IN PART.** Creditors shall order a transcript of the December 3, 2025, hearing or file a certificate stating

---

[22] *Id.*
[23] *Id.* at 698-99.

they are not ordering a transcript pursuant to Fed. R. Bankr. P. 8009(b) by **June 5, 2026**. Debtor's motion is **DENIED** in all other respects.

New Orleans, Louisiana, this 29th day of May, 2026.

_____
ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE